IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KATHY PECK,<br><br>                Plaintiff,<br><br>v.<br><br>MICHAEL ASTRUE, Commissioner of Social Security,<br><br>                Defendant. | ORDER REMANDING CASE AND AWARDING EAJA ATTORNEY FEES<br><br>Case No. 2:04CV231DAK |

       The Tenth Circuit remanded this case with direction to remand the case to the ALJ for further proceedings to determine whether Plaintiff has an impairment that meets or equals Listing 12.05(C). Therefore, the case is remanded to the ALJ for such determination.

       This matter is also before the court on Plaintiff's "Petition for EAJA Attorney's Fees." As of the date of this order, Defendants have not filed a memorandum opposing Plaintiff's request for fees and the time for filing such memorandum has passed. Plaintiff is seeking attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.*

      In *Buckhammon Board and Care Home, Inc. v. West Virginia Department of Health &*

*Human Resources*, 532 U.S. 598 (2001), the Supreme Court noted that the term "prevailing party" was a legal term meaning "one who has been awarded some relief by the court," and to be considered a "prevailing party" a plaintiff needed to obtain either a judgment on the merits or a court-ordered consent decree. *Id.* at 603-04.

In this case, although Plaintiff was not awarded benefits by the Tenth Circuit, she obtained an order directing the ALJ to review her case under a different, and potentially more favorable, provision. Therefore, the court finds that the order sufficiently establishes Plaintiff as the prevailing party.

The Tenth Circuit's opinion also demonstrates that Defendant's position in this litigation was not substantially justified. The Supreme Court has defined "substantially justified" to mean that the position taken by the government was "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The court stated that this definition is the same as that adopted by the Ninth Circuit, which looks to a reasonable basis both in law and fact." *Id.* The burden is on the government to demonstrate that its position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). Defendant has not attempted to meet this burden. Moreover, Defendant's position in the underlying agency action and in this litigation failed to apply proper legal standards for evaluating the case. Therefore, the court concludes that Defendant's position was not substantially justified.

Based on the above reasoning, Plaintiff's Petition for Award of Attorney Fees under the EAJA is GRANTED in the amount of $7208.44.

DATED this 25th day of June, 2007.

                                                                                 _____
                                                                                 Dale A. Kimball,
                                                                                 United States District Judge